[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 18, 1992, the Defendant pleaded nolo contendere to Assault in the Second Degree and Unlawful Restraint in the First Degree, and on January 15, 1993, he was sentenced to seven years in prison.
Section 54-1j of the Connecticut General Statutes reads as follows:
 (a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."
 (b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court.
(c) If the court fails to advise a defendant as required in CT Page 13569 subsection (a) of this section and the defendant later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice.
At the time of the nolo contendere pleas on November 18, 1992, the Court advised the Defendant as follows:
 THE COURT: And, Mr. Palacios, you need to be advised that conviction of these offenses because they are felonies could result in your deportation, loss of your right to ask for naturalization or any other process which involves the Department of Naturalization and Immigration for the United States Government; do you understand that?
THE DEFENDANT: Yes, your Honor.
 THE COURT: And I understand that you are entering this plea and the State has recommended this sentence because they have been informed by Immigration and Naturalization of the intent to deport you from this country.
THE DEFENDANT: Yes.
Transcript, November 18, 1992, Page 14.
The crimes of which the Defendant was convicted are crimes involving moral turpitude and therefore he is excludable from the United States. See The Immigration and Nationality Act, § 212(a)(2)(A)(i), (8 U.S.C. § 1251(a)(2)(A)(i)).
During the canvass of the Defendant on November 18, 1992, the Court did not recite the language called for in quotation marks by Section 54-1j of the Conn. General Statutes; "conviction of the offense for which you have been charged may have the consequences of . . ., exclusion from admission to the United States. . . ." Nor did the Court inform or give notice to the Defendant of the information quoted above in the statute. The only language of the canvas that it could even be argued gives the Defendant notice of possible exclusion from the United States is "or any other process which involves the Department of Naturalization and Immigration for CT Page 13570 the United States government;". . . . Transcript, Page 14. This language says nothing specific enough to put the Defendant on notice or to inform him that his conviction might have the consequence of exclusion from admission to the United States. Therefore, as required by Section 54-1j of the Conn. General Statutes, the judgments of guilty are vacated and the pleas of nolo contendere are withdrawn. The bond in effect at the time of sentencing was $25,000.00; that bond is reinstated.
RICHARD A. WALSH